UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10714-RGS

YASIR S. CREACH

v.

ANNIE DOOKHAN, Lab Chemist;  DANIEL F. CONLEY, District Attorney;
JULIE NASIFF, Lab Chemist Supervisor; LINDA HAN, Lab Director;
JOHN AUERBACH, Commissioner of the Department of Public Health;
JUDY ANN BIGSBY, Secretary of the Executive Office of Health and
Human Services

MEMORANDUM AND ORDER

June 16, 2020

For the reasons stated below, the court denies without prejudice
plaintiff's motions to appoint counsel and for leave to proceed *in forma
pauperis* and finds that the complaint fails to state a claim upon which relief
may be granted.  If plaintiff wishes to proceed with this action, he must file
(1) a renewed motion for leave to proceed *in forma pauperis* with a copy of
his prison account statement and (2) an amended complaint that sets forth
a plausible claim upon which relief may be granted.

BACKGROUND

On April 10, 2020, *pro se* litigant Yasir S. Creach ("Creach") filed a *pro
se* complaint against the former Suffolk County District Attorney, former

Commissioner of the Executive Office of Health and Human Services as well former officials and employees of the Department of Public Health ("DPH"), which operated the drug testing facility (the "Hinton Drug Lab").  Complaint ("Compl."), Docket No. 1.   Creach also filed motions for leave to proceed *in forma pauperis* and for appointment of counsel.  Docket Nos 2, 4.

Creach seeks monetary damages for the alleged violation of his constitutional rights stemming from his arrest on drug-related charges. Compl., Docket No. 1.  Creach alleges that in July 2007, he was charged with a Class B controlled substance offense which was a second subsequent offense for Creach.  *Id.* at p. 7.  Creach states that he served a "one to two ½ state prison term."  *Id.*

As to the former Suffolk County District Attorney, Creach alleges that the district attorney failed to provide defense counsel with exculpatory information concerning drug testing misconduct and that he "corresponded" and "colluded" with lab chemist Annie Dookhan.  *Id.*  Creach complains that his "alleged one tenth of a gram of cocaine never made it to the suppression hearing."  *Id.*

As to lab chemist Dookhan, the complaint states that that she "signed off as primary analyst[,] secondary or confirmatory[,] in all of [Creach's] convictions.  *Id.* at p. 6.  Creach alleges that Dookhan's  "insidious

misconduct as an imposter 'lab chemist' influenced [plaintiff's] pleading out to every drug case [he ever] had since 2004 up until 2007 in Suffolk County being 'material to that choice' she colluded with the district attorneys and corrupt police officials to sabotage the lives of over 20,000 victims, [Creach] being a prime example." *Id.* at p. 5-6.

As to the former head of the Division of Analytical Chemistry, which included the Hinton Laboratory, the complaint states that Julie Nassif, violated Creach's rights "for failing to properly investigate her subordinates (ie) Annie Dookhan['s] behavior and misconduct after having knowledge of a specific breach of protocol." *Id.* at p. 7.

As to the former director of the Hinton Lab, the complaint states that Han violated Creach's rights "by not acting and not holding her subordinate accountable after also having knowledge of Annie Dookhan's insidious misconduct." *Id.* at p. 7.  Creach references *Solomon v. Dookhan*, C.A. No. 13-10208-GAO, 2014 WL 317202 (D. Mass. Jan. 27, 2014).  *Id.*

As to the former Commissioner of the Department of Public Health, the complaint states that Auerbach violated plaintiff's rights by "failing to maintain [up]dated operating procedures for the lab, and undertook no action toward accreditations (sic), likewise failed to prohibit direct contact

between DPH chemist and prosecuting assistant district attorney." *Id.* at p. 8.

As to the former Commissioner of the Executive Office of Health and Human Services, the complaint states that Bigby violated plaintiff's rights by "failing to act on holding subordinate accountable (ie) Annie Dookhan she had knowledge of chemist malfeasance." *Id.* at p. 8.

MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Although Creach filed a motion for leave to proceed *in forma pauperis*, he failed to provide a certified prison account statement. Where, as here, the plaintiff is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[1]  Therefore, the motion will be denied

---

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.

without prejudice to refiling with a copy of plaintiff's prison account statement.

## MOTION FOR APPOINTMENT OF COUNSEL

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional right to a free lawyer in a civil case. *See DesRosiers v. Moran*, 949 F.2d 15, 24 (1st Cir. 1991). The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. *Id.*; 28 U.S.C. § 1915(e)(1). "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.*

As an initial matter, Creach is not yet proceeding *in forma pauperis*. Moreover, since the complaint fails to state a claim upon which relief may be granted, *see infra*. (discussion), Creach has not meet his burden of

---

1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

demonstrating "exceptional circumstances" that warrant appointment of counsel.  Accordingly, at this juncture, the motion for counsel will be denied without prejudice.

## PRELIMINARY SCREENING

The complaint is subject to a preliminary screening under 28 U.S.C. § 1915A.  This statute authorizes federal courts to dismiss actions in which a prisoner plaintiff seeks redress from a governmental entity or officers or employees of a governmental entity.  *Id.*  Section 1915A authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure,  a complaint needs to sufficiently identify the alleged misconduct of each defendant so that he or she has fair notice of the nature of the claim the plaintiff is asserting and the factual grounds upon which it rests.  *See Silverstrand Invs. v. AMAG Pharm.*, Inc., 707 F.3d 95, 101 (1st Cir. 2013).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "In evaluating whether a complaint states a plausible claim, [the court performs a] 'two-step analysis.'" *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016) (quoting *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015)). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Second, the court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011).

Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Solomon v. Dookhan*, C.A. No. 13-10208-GAO, 2014 WL 317202, *3 (D. Mass. Jan. 27, 2014) (citations omitted). The tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions.  *Id.* (citing *Iqbal*, 556 U.S. at 678). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Id.*

In conducting this review, the court liberally construes the complaint because Creach is proceeding *pro se.  See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## DISCUSSION

As an initial matter, although Creach's complaint does not refer to 42 U.S.C. § 1983 specifically, the court construes the *pro se* pleading to be asserting Section 1983 claims for the alleged violation of his constitutional rights.

The court recognizes that Dookhan's misconduct was found to have tainted the evidence used by the government to convict tens of thousands of people of drug crimes. *See Bridgeman v. District Attorney for the Suffolk Dist.*, 476 Mass. 298, 300, 67 N.E.3d 673 (2017).  Several years ago, the district attorneys in Massachusetts were ordered by the Massachusetts Supreme Judicial Court to review every case in which Dookhan signed the

drug certificate and identify those convictions in which the district attorney would attempt to re-prosecute or move to vacate and dismiss. *See Bridgeman v. Dist. Attorney for Suffolk Dist.*, 471 Mass. 465, 30 N.E.3d 806 (2015). Here, the complaint contains no information concerning the status of Creach's case(s) in light of *Bridgeman*.

To the extent Creach challenges the constitutionality of his convictions or sentences, such claims may be barred by the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

Additionally, Creach's claims appear to have arisen more than three years prior to this suit being initiated on April 10, 2020. Any of Creach's Section 1983 claims accruing prior to April 10, 2017 are subject to dismissal as time-barred. *Nieves v. McSweeney*, 241 F.3d 46, 52–53 (1st Cir. 2001) (federal civil rights cases filed in Massachusetts are subject to a three-year statute of limitations). Federal law provides that a Section 1983 claim

accrues when plaintiff knew or should have known of his injury. *See Cao v. Puerto Rico*, 525 F.3d 112, 115 (1st Cir. 2008).

Finally, the factual allegations against the individual defendants do not meet the requirements of Rule 8(a)(2) because the minimal factual allegations do not support his conclusion that his constitutional rights were violated. Creach's allegations are too generalized and vague to plausibly state a claim of a violation of his constitutional rights.

Although Creach alleges that the drugs that were the subject of his criminal prosecutions were tested by Dookhan at the Hinton Drug Lab, the complaint fails to state a claim for constitutional violations by Dookhan. As to Dookhan, Creach complains that he was "influenced" to enter a guilty plea in every case which he was charged with a narcotics offense from 2004 through 2007. Creach does not allege facts that, taken as true, could establish that he was denied due process based upon Dookhan's actions or inactions.

Even if his claims are not time-barred, to the extent Creach seeks damages from the former Suffolk County District Attorney, his claims are barred by the doctrine of absolute prosecutorial immunity. Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State,

are entitled to the protections of absolute immunity.  *Penate v. Kaczmarek*, 928 F.3d 128 (1st Cir. 2019).  To the extent Creach complains that his rights were violated by Conley's failure to disclose *Brady* evidence, the complaint fails to identify the  exculpatory evidence Creach contends was withheld.  The complaint also lacks sufficient allegations to plausibly state a claim that Conley was deliberately indifferent to a constitutional violation of Creach's rights arising from alleged communications with Dookhan.

As to defendants Nassif, Han, Auerbach and Bigby, the allegations concern their role as supervisors.  Nassif was Director of Analytic Chemistry and Dookhan's supervisor.  Han was director of the Hinton Drug Lab and Nassif's supervisor.  Auerbach, as Commissioner of the Department of Public Health, oversaw the Hinton Drug Lab.  Bigby, as Secretary of the Executive Office of Health and Human Services, oversaw the Department of Public Health.  Pursuant to Section 1983, a supervisor can only be liable for a subordinate's behavior if "(1) the behavior of [his or her] subordinates results in a constitutional violation, and (2) the [supervisor's] action or inaction was affirmative[ly] link[ed] to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference."  *Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir.2008) (citations omitted).

11

Here, the allegations against Nassif, Han, Auerbach and Bigby, and the reasonable inferences to be drawn therefrom, fail to plausibly state a claim that these defendants knew of, or condoned, Dookhan's alleged violation of Creach's constitutional rights, or that these defendants would have known of it but for their deliberate indifference.  Taking the factual allegations as true, including all reasonable inferences, Creach's allegations fail to support the claim that these defendants knew of, or participated in, Dookhan's alleged misconduct.

In light of the foregoing, the complaint will be dismissed in 28 days unless Creach files an amended complaint which cures the pleading deficiencies noted above and sets forth a plausible claim upon which relief may be granted.

Accordingly:

1.     The motion for leave to proceed *in forma pauperis* (Docket No. 2) is DENIED without prejudice.  If plaintiff elects to proceed with this action, within 28 days of the date of this Memorandum and Order, he either must (1) pay the $400.00 filing and administrative fees; or (2) file a renewed motion for leave to proceed *in forma pauperis* accompanied by his certified prison account statement.  Failure of plaintiff to comply with this directive may result in a dismissal of this action without prejudice.  The Clerk shall

provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

2.     The motion for appointment of counsel (Docket No. 4) is denied without prejudice.

3.     The complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).   If plaintiff wishes to proceed in this matter, he must file an amended complaint curing the pleading deficiencies and setting forth a plausible claim upon which relief may be granted.   Failure to comply with this directive within twenty-eight (28) days of the date of this Memorandum and Order may result in dismissal of this action.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE