UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10714-RGS

YASIR S. CREACH

v.

ANNIE DOOKHAN and the COMMONWEALTH OF MASSACHUSETTS

ORDER

January 11, 2021

On December 29, 2020, this case was dismissed without prejudice for failure of plaintiff to effectuate service of the amended complaint. Docket No. 17.

Less than one week later, on January 6, 2021, the United States Marshals Service ("USMS") filed a "process receipt and return" form (USM-285) indicating that the defendant Commonwealth was served on January 4, 2021.[1]  Docket No. 20.

The following day, on January 7, 2021, plaintiff filed a letter seeking the status of service. Docket No. 21. Plaintiff explains that he contacted the

---

[1] The form indicates that plaintiff completed the form on August 22, 2020, and that the USMS received plaintiff's request on November 12, 2020. Docket No. 20.

USMS in late October, but has not yet received a response. *Id.* On January 8, 2021, plaintiff filed a renewed motion for the appointment of counsel accompanied by several medical records and copies of letters concerning his efforts to locate an attorney to represent him in this matter. Docket No. 22.

In light of the proof of service filed by the USMS, establishing that plaintiff timely provided the service paperwork to the USMS, the court will vacate the order of dismissal and direct the clerk to reissue summonses for service. Plaintiff previously advised the court of his difficulty in locating an address for defendant Dookhan. Docket No. 15. Once the summons and amended complaint are served on the Commonwealth, and an appearance entered, plaintiff may then seek discovery concerning Dookhan's address. Accordingly,

    1.    The Order of Dismissal is hereby VACATED.

    2.    The clerk shall re-issue summonses.

    3.    The clerk shall send the summonses, a copy of the amended complaint, and this Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). If directed by the plaintiff to do so, the United States Marshals Service shall serve the above-referenced documents and this Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be

advanced by the United States.  It remains plaintiff's responsibility to provide the United States Marshals Service with all necessary paperwork and service information.  Plaintiff shall have 90 days from the date of the reissuance of summons to complete service or the case will be dismissed for failure to make service.

    4.  Plaintiff's motion to appoint counsel (Docket No. 22) is denied without prejudice.  Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel.  *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  Plaintiff's motion is denied without prejudice to renewal after the defendants have been served with and responded to the amended complaint.

                         SO ORDERED.

                         /s/ Richard G. Stearns
                         UNITED STATES DISTRICT JUDGE