UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10714-RGS

YASIR S. CREACH

v.

ANNIE DOOKHAN, Lab Chemist; JULIE NASIFF, Lab Chemist Supervisor; LINDA HAN, Lab Director; CHUCK SALEMI; CITY OF BOSTON; COUNTY OF SUFFOLK

ORDER DISMISSING COUNTY OF SUFFOLK

September 9, 2021

Plaintiff Yasir Creach brings this action pursuant to 42 U.S.C. § 1983 alleging various constitutional violations related to alleged misconduct at the Hinton Lab. Defendants Han, Nasiff and Salemi have answered the second amended complaint. Docket Nos. 71, 77, 79. The City of Boston moved to dismiss, Docket No. 66, and Creach was granted an extension until September 24, 2021, to oppose the pending motion to dismiss. Docket No. 75.

Now before the court is Creach's request for assistance in serving Suffolk County. Docket No. 74. Because the Massachusetts legislature abolished the government of six counties in 1999, including Suffolk County, the court will dismiss the County of Suffolk as a defendant in this action. See

Mass. Gen. Laws ch. 34B, § 1 (1999). All of Suffolk County's "functions, duties and responsibilities … including, but not limited to, the operation and management of the county jail and house of correction … [were] transferred … to the [C]ommonwealth." Id. at § 4. To the extent such claims are asserted against the Commonwealth, for the reasons stated in the Court's electronic order granting the Commonwealth's motion to dismiss, Docket No. 33, Suffolk County and it's agencies would be protected by the state's immunity from suit under the Eleventh Amendment, barring an unequivocal waiver of that immunity. Here, there is no waiver of sovereign immunity and the County of Suffolk will be dismissed as a defendant.[1]

In light of the foregoing, the court dismisses the claims against the County of Suffolk pursuant to 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Plaintiff is reminded that he has until September 24, 2021, to oppose the pending motion to dismiss.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[1] Creach's second amended complaint is subject to screening pursuant to 28 U.S.C. § 1915 ("Section 1915") because he is proceeding *in forma pauperis*, and pursuant to 28 U.S.C. § 1915A ("Section 1915A") because he is a prisoner. Both Section 1915 and Section 1915A authorize federal courts to dismiss a complaint sua sponte if the claims therein are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).