UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YASIR CREACH,<br><br>Plaintiff,<br><br>v.<br><br>ANNIE DOOKHAN, JULIE NASIFF,<br>LINDA HAN, and CHUCK SALEMI,<br><br>Defendants. | Civil Action No. 20-CV-10714-AK |

**MEMORANDUM AND ORDER**

**A. KELLEY, D.J.**

After Defendant Annie Dookhan failed to plead or otherwise defend, Plaintiff Yasir Creach sought and obtained a clerk's Notice of Default. [Dkt. 137]. He subsequently filed a Motion for Default Judgment pursuant to Federal Rules of Civil Procedure 55(b)(2). [Dkt. 123]. Because the Court finds that Mr. Creach has not, as of yet, pled sufficient facts to establish liability and his measure of damages, his motion is **DENIED WITHOUT PREJUDICE**. Mr. Creach can reraise his order for default judgment after providing more information about his vacated convictions and any resulting damages. This includes explaining to the Court the reason(s) for seeking the amount he requested in damages, such as any lost wages, the duration of time he spent incarcerated for the related convictions, and what would be adequate compensation for his emotional distress.

1

I.      BACKGROUND

As a result of the Hinton Lab scandal, in which Ms. Dookhan falsified thousands of drug results, Mr. Creach alleges that he had two drug possession convictions vacated. [Dkt. 51, Second Amended Complaint ("SAC") at ¶ 24]. Mr. Creach also alleges that the Boston police officers relied on "an incompetent source" when they falsely arrested him for unlawful possession of drugs. [Id. at ¶ 26]. He asserts that he plead guilty in response to the use of the tainted evidence and that his confession was therefore coerced. [Id. at ¶ 27].

While two of his convictions were vacated in 2017, Mr. Creach was not made aware of that fact until he was informed by a letter in 2020. [Id. at 24-25]. That letter, which came from a legal representative, explained that he had two charges vacated and dismissed as a result of the litigation in Bridgeman v. District Attorney for Suffolk District., No. SJ-2014-0005, 2017 WL 11585717 (Mass. May 22, 2017). [SAC at 24, 51-1]. Both cases mentioned in the letter were for drug possession. [Dkt. 51-1]. One was Boston Municipal Court, Roxbury case number 0602CR000626, and the other was Boston Municipal Court, Central case number 0501CR000142. [Id.]. While the former case does appear to be regarding drug possession, the publicly available information about the latter describes the initiating criminal action as a trespass.[1]

Mr. Creach asserts claims against Ms. Dookhan for the violation of his rights under 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act, Mass. Gen. Laws c. 12, § 11I. [SAC at ¶ 1]. He claims that Ms. Dookhan's tampering with evidence and the convictions led to a violation of his constitutional right to due process as guaranteed by the Fourteenth Amendment. [Dkt. 8, First Amended Complaint ("FAC") at ¶ 1]. The convictions caused him great mental anguish

---

[1] https://www.masscourts.org/eservices/search.page.3.1?x=7EMgipMxa3cuxifYYhsIyA

and pain and suffering, by exacerbating his PTSD, anxiety, and depression. [Id. at ¶ 2]. While it is unclear how much in money damages Mr. Creach is seeking from Ms. Dookhan, his original complaint specified $100,000 from defendants for each year incarcerated totaling to $350,000. [Dkt. 1, Complaint ("Compl.") at 6]. His First Amended Complaint seeks $500,000, but only specifies the Commonwealth of Massachusetts as the entity he is seeking damages from. [FAC at 1]. His Second Amended Complaint refers to his demands made in both prior complaints and for any relief the Court deems just and proper. [SAC at 7].

Mr. Creach filed this action in April 2020. [Compl. 1]. The matter is still pending against defendants Julie Nasiff, Linda Han, and Chuck Salemi. This Court determined that Ms. Dookhan was properly served with the operative complaint and failed to plead or otherwise defend the action. See Fed. R. Civ. P. 55(a); [Dkt. 118]. The Court was unable to construe Ms. Dookhan's letter explaining that she could not afford an attorney as an adequate response and subsequently granted Mr. Creach's motion for the entry of default. [Dkt. 118 at 6-7]. Shortly thereafter, Mr. Creach moved for default judgment. [Dkt. 123].

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide a two-step process for default judgment. See Fed. R. Civ. P. 55. First, the clerk must enter a notice of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, upon obtaining a notice of default, the plaintiff must apply to the court for default judgment where the amount of damages is not a "sum certain." See Fed. R. Civ. P. 55(b). The party that has defaulted "is deemed to have admitted all of the allegations in the complaint." CNE Direct, Inc. v. Blackberry Corp., 55 F. Supp. 3d 233, 234 (D. Mass. 2014); see SEC v. Tropikgadget FZE, 146 F. Supp. 3d

270, 275 (D. Mass. 2015) (noting that entry of default "constitutes an admission of all facts well-pleaded in the complaint" (citation omitted).  However, the court independently "may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002).  While the court may set a hearing to determine damages "when the amount is in dispute or is not ascertainable from the pleadings," the court may order default judgment without a hearing where "the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object." In re The Home Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002).

### III.   DISCUSSION

Mr. Creach has satisfied the first step of the default judgment process by obtaining an entry of default.  The Court now must evaluate whether the allegations in his complaint comprise legally cognizable causes of action against Ms. Dookhan.  If the Court finds that he has made such a showing, it must assess his request for damages.

The Court finds that Mr. Creach has not, as of yet, sufficiently plead facts to justify the entry of default judgment.  While the Court acknowledges the difficulties Mr. Creach has had in litigating this case while incarcerated, his court records, or other information, are necessary at this time to verify his claims.  This would enable the Court to understand the sentence he served, the time he spent serving it, its connection with Ms. Dookhan, and would resolve any discrepancies between Mr. Creach's stated claims and the publicly available information about his vacated convictions.  Thus far, the only confirmation provided by Mr. Creach has been a letter from an attorney who had represented him in challenging his now vacated convictions. [Dkt. 51-1].

Second, even if the Court was able to verify the above-described information, it would not be able to enter default judgment at this time because Mr. Creach has not made clear to the Court the damages he is seeking or the basis for those damages. His complaint and subsequent amended complaints do not clarify the issue. See [Compl. at 6; FAC at 2; SAC at 7]. Before the Court can enter default judgment, the Court must be able to assess the proper value of damages. Eisler v. Stritzler, 535 F.2d 148, 153 (1st Cir. 1976) ("The default judgment on the well-pleaded allegations in plaintiffs' complaint established only defendant's liability. It was incumbent upon plaintiffs to establish the extent of the damages resulting from defendant's violations.") To sustain an entry of default judgment, Mr. Creach needs to provide the Court further details of both the amount of damages he is seeking and the justifications for those damages. Mr. Creach has provided the Court sufficient information about the emotional ordeal that Ms. Dookhan's actions caused him. He should additionally specify the amount of time he was incarcerated for those vacated convictions and any additional financial costs he sustained.

Ordinarily, the Court would consider setting a hearing to answer those questions. However, at the Court's last status conference on this matter, Mr. Creach represented his plans to spend the next few months in an intensive in-patient drug treatment program. [Dkt. 140]. As a result, especially given the information it needs to resolve this matter, the Court has determined that such a hearing is not appropriate at this time and would be more appropriate at the conclusion of the case against the remaining defendants. Mr. Creach can seek to revisit when the case is ready for judgment against the other defendants.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Creach's motion for default judgment is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: February 24, 2023                                              /s/ Angel Kelley
                                                                                         Hon. Angel Kelley
                                                                                         United States District Judge